UNITED STATES of America,
Appellee,

v.

Jude Bernard POITEVIEN,
Defendant–Appellant.

No. 06–3629–cr.

United States Court of Appeals,
Second Circuit.

Jan. 3, 2008.

Shannon C. Jones, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Susan Corkery, Assistant United States Attorney, of counsel), Brooklyn, N.Y., for Appellee.

B. Alan Seidler, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Jude Bernard Poitevien was convicted in the United States District Court for the Eastern District of New York (Korman, *J.* ) of one count of

**16**

conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He asserts three errors by the district court: first, that his motion for a new trial, on the grounds of ineffective assistance of counsel, was improperly denied; second, that hearsay evidence was improperly admitted against him at trial; and third, that the district court unconstitutionally amended the indictment and improperly charged the jury. We assume the parties' familiarity with the facts and procedural history of the case.

■ In order successfully to demonstrate ineffective assistance of counsel, a defendant must make two showings. First, he must prove "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If that showing is successfully made, the defendant still must demonstrate "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Even if we were to assume *arguendo* that trial counsel was in some ways defective, as the district court found (for example, in an opening statement that mentioned inadmissible inculpatory hearsay), we do not see how the second *Strickland* requirement, a showing of prejudice, is met here, given the mass of evidence of Appellant's guilt. We believe it sufficiently clear that Appellant did not receive prejudicial ineffective assistance of counsel that we decide the issue here, rather than dismissing it to be raised on a motion under 28 U.S.C. § 2255. *Cf. Massaro v. United States*, 538 U.S. 500, 504–

05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (expressing our general preference to address ineffective assistance of counsel claims on § 2255 motions).

■ Appellant's hearsay claim was not raised below, and we therefore review it for plain error. *United States v. Logan*, 419 F.3d 172, 177 (2d Cir.2005). The recorded statements introduced at trial were not hearsay, either because they were not offered for their truth, *United States v. Logan*, 419 F.3d 172, 177–78 (2d Cir.2005), or because they were statements by co-conspirators in furtherance of a conspiracy, *Crawford v. Washington*, 541 U.S. 36, 56, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Bourjaily v. United States*, 483 U.S. 171, 181–84, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); Fed.R.Evid. 801(d)(2)(E), or because they were party admissions, Fed. R.Evid. 801(d)(2)(A). It is possible that some of the testimony by Government agents about those recordings did constitute hearsay, but even if that were the case, the district court did not commit plain error in admitting those statements, because their admission did not have "a serious effect on the fairness, integrity, or public reputation of judicial proceedings." *Logan*, 419 F.3d at 177 (internal quotation marks omitted).

Finally, the indictment was not unconstitutionally amended, because its scope was narrowed, not broadened. *United States v. Roshko*, 969 F.2d 1, 5 (2d Cir.1992). And Judge Korman's jury charge made it clear that the jury was required to find the drug weight be proven beyond a reasonable doubt and unanimously. This was a correct statement of the law, and there was therefore no error in the jury charge.

We have considered all of Appellant's other claims, and we find them to be with-

out merit. Accordingly, the judgment of the district court is AFFIRMED.